UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81215-CIV-HURLEY/HOPKINS

SUPREME FUELS TRADING FZE,

    Plaintiff,

vs.

HARRY SARGEANT III, et al.,

    Defendant.
_____/

SEALED

FILED by _____ D.C.
MAY 06 2011
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## SEALED ORDER GRANTING IN PART DEFENDANTS' MOTION TO SET ASIDE AND/OR RECONSIDER FINAL JUDGMENT

**THIS CAUSE** is before the court upon defendants' motion to set aside and/or reconsider final judgment and order granting plaintiff's motion to enforce settlement [DE # 153].

On February 3, 2011, the court granted plaintiff's motion to enforce the settlement term sheet ("term sheet") that the parties drew up during a court-ordered mediation, finding that the term sheet was an enforceable contract. *See* DE # 150. The court then entered a final judgment against defendants Harry Sargeant III ("Mr. Sargeant"), International Oil Trading Company, LLC ("IOTC USA"), and International Oil Trade Center ("IOTC Jordan") for the settlement payment amount expressed in the term sheet (*i.e.*, $5 million).

Defendants take issue with four aspects of the court's ruling. First, defendants argue that the court erred in entering a final judgment that holds IOTC Jordan and Mr. Sargeant jointly liable for the settlement payment amount. The court agrees. The term sheet requires "IOTC USA to pay Supreme FZE a total of $5 million." The term sheet does not provide that any other defendant is responsible for making the payment. Under Florida law, when the language of a contract is "clear

and unambiguous, it must be construed to mean just what the language therein implies and nothing more." *Walker v. State Farm Fire & Cas. Co.*, 758 So.2d 1161, 1162 (Fla. 4th DCA 2000). Here, the term sheet clearly requires payment from only IOTC USA. Therefore, the court will amend the final judgment to remove defendants IOTC Jordan and Mr. Sargeant.[1]

Second, defendants contend that the court erred in not enforcing the requirement in the term sheet that plaintiff provide defendants with releases. There is no doubt that, as part of the settlement agreement, defendants are entitled to be released from "all claims brought or that could have been brought." However, the settlement agreement provides that the releases are to be provided only after plaintiff receives full payment. Since defendants have not paid plaintiff yet, plaintiff is not obligated to provides defendants with releases. If defendants do not receive the releases to which they are entitled after making payment, they may then move the court for enforcement of the settlement agreement.

Third, defendants argue that the court erred in not requiring plaintiff to provide a release to Mohammad Al-Saleh ("Mr. Al-Saleh"), a shareholder of IOTC Jordan. This argument was already addressed by the court. In its order granting plaintiff's motion to enforce settlement, the court found that the clear and unambiguous terms of the term sheet do not require that Mr. Al-Saleh be given a release. After carefully considering defendants' argument and re-reviewing the term sheet, the court concludes that it prior ruling was correct.

Fourth, defendants argue that the court should have held an evidentiary hearing on the issue of who is supposed to be released in exchange for the settlement payment. Under Florida law, "parol

---

[1] Plaintiff argues that Mr. Sargeant and IOTC Jordan are jointly responsible for making the $5 million payment. The court has carefully considered plaintiff's arguments and concludes that it is without merit.

2

Granting in Part Defendants' Motion to Set Aside and/or Reconsider Final Judgment
Supreme Fuels Trading FZE v. Sargeant, et al.
Case No. 08-81215-CIV-HURLEY/HOPKINS

evidence is admissible only to clarify the terms of an ambiguous contract." *See O'Neill v. Scher*, 997 So.2d 1205, 1206 (Fla. 3d DCA 2008). Here, since the term sheet is clear and unambiguous, there is no need to hold an evidentiary hearing. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (holding that the district court has the authority to summarily enforce a complete settlement agreement without an evidentiary hearing).

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendants' motion to set aside and/or reconsider final judgment and order granting plaintiff's motion to enforce settlement [DE # 153] is **GRANTED IN PART**. The court will amend the final judgment by separate order.

2. Defendants' request for a hearing on its motion [DE # 154] is **DENIED**.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 5 day of May, 2011.

_____
Daniel T. K. Hurley
United States District Judge

*Copies furnished to counsel of record*