## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 08-81215-CIV-Hurley/Hopkins

**Supreme Fuels Trading FZE,**

     **Plaintiff,**

**vs.**

**Harry Sargeant III, Mustafa Abu-Naba'a,**
**International Oil Trading Company, LLC**
**and International Oil Trade Center,**

     **Defendants.**

_____/

### Supreme's Motion For An Order Compelling IOTC USA
### To Respond to Supreme's Discovery Requests in Aid of Execution

Plaintiff Supreme Fuels Trading FZE ("Supreme") respectfully requests an Order pursuant to Fed. R. Civ. P. 37 compelling defendant International Oil Trading Company, LLC ("IOTC USA") to comply with Supreme's First Request for Production of Documents dated July 8, 2011, immediately.   Supreme also requests costs and fees incurred in making this motion.

### BACKGROUND OF THIS DISCOVERY DISPUTE

On May 6, 2011, this Court entered judgment against IOTC USA and in favor of Supreme for $5 million dollars.  (D.E. #168)  IOTC USA has never sought a stay of execution of this judgment.  It appealed the Court's judgment to the 11th Circuit, but did not post a bond pending the appeal.

On July 8, 2011, after several requests for payment, Supreme issued its First Set of Discovery Requests in aid of execution.  See Exhibit A (Discovery Requests).  The

199424.1

Discovery Requests were intended to identify IOTC USA's assets and potential sources for Supreme's collection. For instance, the Discovery Requests sought income tax returns (Request 1), bank books (Request 3), bank statements (Request 4), wire transfer information (Requests 5, 6 and 7), general ledger accounts payable and receivable information (Requests 8, 9 and 16), financial statements showing assets (Requests 13 and 14), documents identifying real or other property owned by IOTC USA (Requests 10, 11, 12 and 15), and the names of officers, employees and members of IOTC USA (Requests 19, 21 and 22).

On the eve of the deadline for IOTC USA's responses, IOTC USA attempted to extend the time to respond to the Discovery Requests by more than a month. (D.E. #196). Supreme objected to that motion (D.E. #197). The Court denied IOTC USA's motion indicating that it "will not permit defendant to take action that would frustrate the plaintiff's efforts to collect on the judgment." (D.E. #198)

Nevertheless, on August 12, 2011, IOTC USA served "responses" that are completely devoid of any substance and did not produce a single one of the requested documents. Exhibit B (IOTC USA Responses). In its General Objection No. 4, IOTC USA repeated all the previous arguments made in its motion for an extension of time to respond, including trial and vacations (D.E. #196). In doing so, IOTC USA effectively helped itself to the extension the Court denied. Forcing Supreme to file a motion to compel, significantly extends the time in which IOTC USA needs to comply with the Discovery Requests. IOTC USA's response is just the latest ploy in their continuing attempt to avoid their obligations under the Court's May 6 Judgment. IOTC USA has

199424.1

imposed its own unilateral stay of execution, without seeking it from the Court or posting a bond.

## ARGUMENT

Under Rule 69 of the Federal Rules of Civil Procedure, post-judgment discovery may follow federal pre-trial discovery or state-law discovery. *See also Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1403 (5th Cir. 1993). Under the federal rules, a party is entitled to discovery of "any matter, not privileged, that is relevant to the claim or defense of any party," or, for good cause, relevant to the action's subject matter.   Fed. R. Civ. P. 26(b)(1).   This "liberal" standard allows discovery unless it has "no possible bearing on the claims and defenses" in a case. *Wrangen v. Penn. Lumbermans Mut. Ins. Co.*, 593 F.Supp.2d 1273, 1278 (S.D. Fla. 2008).   The burden is on IOTC USA to show that Supreme's requests below have "no possible bearing" on this case. *Wrangen*, 593 F. Supp. 2d at 1278. *See also Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, 2007 WL 1526649, *2 (S.D. Fla. May 22, 2007). Defendants have not even attempted to satisfy that burden here.

IOTC USA claims upon "information and belief" that it does not have documents responsive to Requests 1-18, 20, 23 and 25.   For instance, in response to Supreme's request for bank books and bank statements, IOTC USA writes: "IOTC USA has no documents responsive to this request, upon information and belief."   It is beyond belief that IOTC USA does not have in its own possession or control its own bank books and bank statements.   Yet the same response ("IOTC USA has no documents responsive to this request, upon information and belief") is given to Supreme's request for **income tax returns** (Requests 1 and 2), **wire transfer information** (Requests 5, 6 and 7), **business**

**accounts receivable ledgers** (Request 8), **accounts payable ledgers** (Request 9), **financial statements showing assets and liabilities** (Requests 13 and 14), and so on.

It is inconceivable that IOTC, a company that did hundreds of millions of dollars of business with the U.S. Government, does not pay taxes, write checks, send and receive wire transfers or maintain business ledgers.   Each of IOTC USA's responses is improperly made "upon information and belief."  By signing a discovery response, IOTC and its counsel are certifying that "to the best of [their] knowledge, information, and belief after reasonable inquiry" that the response is "complete and correct as of the time it is made."  F.R.C.P. 26(g)(1).  IOTC and its counsel cannot credibly represent to this Court that IOTC does not definitely know which financial records it maintains.

IOTC USA did agree to produce documents in response to Supreme's Requests 19 (names and addresses of employees) and 21 (names of managers, members, officers and directors).  However, there again, it indicated that it would produce documents "at a time and location mutually convenient to all counsel," which remains undetermined and completely at IOTC USA's whim.  It is hard to believe that a month after IOTC was served with the Requests, it needs additional time to generate the information about employees or members, especially since just last month there was a well-publicized trial among IOTC USA's members.  This information should be at IOTC USA management's fingertips.

The Discovery Requests are clearly relevant to Supreme's collection efforts.  See for instance *Libaire v. Kaplan*, 2011 WL 149857 (E.D.N.Y.) (judgment debtor's income

199424.1

tax returns were relevant to judgment creditors' enforcement of their judgment against him).  IOTC USA has not raised any credible argument to the contrary.[1]

IOTC USA could have easily sought a stay of execution of the judgment, it did not.  It cannot impose unilaterally impose a stay.  IOTC USA should be required to produce documents by a date certain and not unilaterally give itself extensions to respond to the discovery requests.  In light of IOTC's complete disregard of its responsibility to provide documents, Supreme requests that the Court award Supreme reasonable expenses incurred in making the motion, including attorney's fees.  F.R.C.P. 37(a)(5)(A).

## CONCLUSION

For the reasons set forth above, Supreme respectfully requests that the Court compel defendants to produce the documents called for in Supreme's Document Requests immediately.  Supreme also requests that the Court award Supreme reasonable expenses it incurred in making this motion.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant, Supreme, reached out via electronic communication to IOTC USA counsel on August 15, 2011 in a good faith effort to avoid the necessity of filing this motion. Counsel was requested to please advise Supreme of their position on or before close of business on August 16, 2011.  No response was received.

_____
Ana Barnett

_____

[1]     IOTC USA raised unsubstantiated relevance objections to Requests 7 (transfers to IOTC owners) 24 (credit card agreements) and 26 (members and owners). The information sought is in these requests is relevant to Supreme's collection.  Information about transfers to insiders is relevant to determine whether there have been any efforts to decrease IOTC USA's liquidity.  Furthermore, credit and debit card information will inform Supreme of which banks IOTC has had relationships and tell us how IOTC spent its money.

199424.1

DATED: August 16, 2011

Respectfully submitted,

CONSTANTINE CANNON LLP

STEARNS WEAVER MILLER
WEISSLER ALHADEFF &
SITTERSON, P.A.

Gordon Schnell (admitted *pro hac vice*)
gschnell@constantinecannon.com
Taline Sahakian (admitted *pro hac vice*)
tsahakian@constantinecannon.com
335 Madison Avenue, Fl 9
New York, New York  10017
Telephone No.:  (212) 350-2700
Facsimile No.:   (212) 350-2701

By: ___ /s/ Ana Barnett_____
Ana T. Barnett
abarnett@swmwas.com
Gerald E. Greenberg
ggreenberg@swmwas.com
Museum Tower – Suite 2200
150 West Flagler Street
Miami, FL  33130
Telephone No.:  (305) 789-3200
Facsimile No.:   (305) 789-3395

SCHLAM STONE AND DOLAN LLP

Robert L. Begleiter (admitted *pro hac vice*)
Rbegleiter@schlamstone.com
26 Broadway
New York, NY  10004
Phone: 212-344-5400
Fax: 212-344-7677

199424.1

**Counsel for Plaintiff Supreme Fuels Trading FZE**
**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 16, 2011, the foregoing document was served via electronic mail and U.S. Mail to all counsel of record identified on the attached Service List and was hand delivered to IOTC counsel August 17, 2011.

/s/ Ana Barnett_____

199424.1

## SERVICE LIST

### *Supreme Fuels Trading FZE v. Harry Sargeant III et al.*
### CASE NO. 08-81215-CIV-HURLEY/HOPKINS

Gordon Schnell (admitted *pro hac vice*)
gschnell@constantinecannon.com
Taline Sahakian (admitted *pro hac vice*)
tsahakian@constantinecannon.com
CONSTANTINE CANNON, LLP
450 Lexington Avenue, Fl 17
New York, New York  10017
Telephone:  (212) 350-2700
Facsimile:   (212) 350-2701

Robert L. Begleiter (admitted *pro hac vice*)
rbegleiter@schlamstone.com
SCHLAM STONE AND DOLAN LLP
26 Broadway
New York, NY  10004
Telephone: 212-344-5400
Facsimile: 212-344-7677

Ana T. Barnett
abarnett@swmwas.com
Gerald E. Greenberg
ggreenberg@swmwas.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower – Suite 2200
150 West Flagler Street
Miami, FL  33130
Telephone No.:  (305) 789-3200
Facsimile No.:   (305) 789-3395

**Counsel for Plaintiff Supreme Fuels
Trading FZE**

Roger Steven Kobert
rkobert@raffertylawyers.com
Marc C. Pugliese
mpugliese@raffertylawyers.com
Rafferty, Kobert, Tenenholtz, Bounds & Hess, P.A.
1401 Brickell Avenue
Suite 825
Miami, FL 33131
305-373-0330
Fax: 305-373-2735

**Counsel for Defendants Harry Sargeant III,
International Oil Trading Company, LLC, and
Mustafa Abu-Naba'a**

199424.1