UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-81215-Civ-Hurley/Hopkins

SUPREME FUELS TRADING FZE,

    Plaintiff

vs.

HARRY SARGEANT III, MUSTAFA ABU NABA'A,
INTERNATIONAL OIL TRADING COMPANY, LLC,
and INTERNATIONAL OIL TRADE CENTER,

    Defendants.
_____/



FILED by _JM_ D.C.

SEP 15 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (DE 200)

**THIS CAUSE** has come before this Court upon an Order referring this matter to the undersigned United States Magistrate Judge for final disposition. (DE 202.) Pending before this Court is Plaintiff Supreme Fuels Trading FZE's ("Supreme") Motion for an Order Compelling IOTC USA to Respond to Supreme's Discovery Requests in Aid of Execution, filed August 16, 2011 (DE 200). Defendant International Oil Trading Company, LLC ("IOTC USA") filed a response on September 2, 2011 (DE 207). Supreme filed a reply on September 7, 2011 (DE 208). The matter is ripe for review.

## BACKGROUND

On May 6, 2011, a final judgment was entered in favor of Supreme and against IOTC USA. (DE 168.) IOTC USA appealed the final judgment to the Eleventh Circuit, but did not obtain a stay of execution of the judgment. IOTC USA failed to pay the amount due under the judgment. On July 8, 2011, Supreme served IOTC USA its First Set of Requests for Production of Documents in Aid of Execution ("Document Request"). In the Document Request, Supreme seeks twenty-six categories

of documents, summarized as follows: (1) income tax returns for 2007 to the present; (2) income tax records for current year and estimated income tax return filed for current year; (3) bank books and saving books since 2007; (4) business bank statements since 2007; (5)-(7) certain wire transfer documents since 2007; (8) business accounts receivable ledgers since 2007; (9) business accounts payable ledgers since 2007; (10) deeds, leases, mortgages, or other written instruments evidencing ownership or interest in real property since 2007; (11) bills of sale or other written evidence of any property purchased or sold since 2007: (12) documents showing vehicles owned since 2007; (13) current financial statements; (14) financial statements since 2007; (15) schedule of business furniture, fixtures, furnishings, and equipment; (16) schedule of accounts receivable since 2007; (17) stock certificates or other evidence of ownership in securities since 2007; (18) insurance policies; (19) names and addresses of employees since 2007; (20) litigation and settlement documents since 2007; (21) names and addresses of past and present managers, members, officers, and directors, and dates of positions; (22) names and addresses of members or owners, and number and type of shares owned; (23) closing documents since 2007; (24) credit car documents since 2007; (25) transfer documents since 2007; and (26) records reflecting members and owners from date of establishment. (DE 200-1, Pl.'s Doc. Req. at 5-9.)

The day before its responses were due, IOTC USA filed a motion for an extension of time to respond to the Document Request due to scheduling issues, which Supreme opposed. The District Court denied IOTC USA's motion, stating that it "will not permit defendant to take action that would frustrate the plaintiff's efforts to collect on the judgment." (DE 198.)

In response to Supreme's request, IOTC USA responded to nearly all of the document requests, with the exception of five (Nos. 19, 21, 22, 24, and 26), by stating that it "has no documents

2

responsive to this request, upon information and belief" and objecting to Supreme's definitions of the words "IOTC" and "you." (DE 200-2, Def.'s Resp. at 8-16.) Counsel for IOTC USA also lodged a general objection to the Document Request, stating that it did not possess all information necessary to provide complete responses "due to the lack of time and opportunity" and citing counsel's and the client's scheduling conflicts.

In addition, IOTC USA objected to several of the document requests on the ground that "Supreme has not identified the owner or holder of the documents" (except for Nos. 1, 2, 3, 19, and 20), and as to document request Nos. 5 and 6, objected to Supreme's definition of the word "United States Government." (*Id.*) As to document request Nos. 19 (names and addresses of employees) and 21 (names and addresses of managers, members, officers, and directors, and dates of positions), IOTC USA responded that it would produce the information "at a time and location mutually convenient to all counsel." (*Id.*) According to Supreme, IOTC USA has not furnished the information to date. Regarding document request Nos. 7 (transfers to owners), 9 (accounts payable ledgers), 20 (litigation or settlement documents), 22 (names and addresses of owners and shares owned), 24 (credit card documents), and 26 (records reflecting members and owners), IOTC USA responded that the requests are "not reasonably calculated to lead to the discovery of admissible evidence." (*Id.*) Also as to document request No. 20 regarding litigation or settlement documents, IOTC USA objected on the ground that the materials may be subject to a confidentiality limitation. (*Id.*)

In the motion to compel, Supreme asks this Court to compel IOTC USA to comply with the Document Request. Supreme argues that given its sizeable revenue, it is difficult to believe that IOTC USA does not possess tax, financial and business-related documents. Likewise, Supreme argues, it is difficult to believe that IOTC USA needs additional time to generate information about

its own employees and members. Supreme also contends that IOTC USA's relevancy objections are unsubstantiated, in that the documents requested are relevant to Supreme's collection efforts. Supreme explains that information relating to IOTC USA's owners is relevant to determine whether IOTC USA has taken any efforts to transfer assets and decrease its liquidity, and credit card information is relevant to determine which banks have had relationships with IOTC USA and how it has spent its money. Supreme argues that IOTC USA's response is another attempt to avoid its obligations under the judgment. Further, Supreme posits that IOTC USA has effectively ignored the District Court's order denying an extension of time and imposed its own unilateral stay of execution of the judgment.

In opposition to the motion to compel, IOTC USA argues that Supreme's motion to compel under Rule 37 is improper and moot because IOTC USA did not fail to respond, but responded with objections and/or indicated that it possessed no responsive documents, in compliance with Rule 34(b)(2)(B). In support of its contention, IOTC USA cites to *Smith v. Mama Fu's Hollywood, LLC*, No. 08-61181, 2009 WL 247846, at *1 (S.D. Fla. Feb. 2, 2009), where the court denied a motion to compel as moot because after receipt of the motion, the non-movant provided responses to the discovery requests. IOTC USA contends that Supreme should have more appropriately petitioned this Court for rulings on its objections, but did not. IOTC USA states that "upon the return of both counsel and client, IOTC USA continues to endeavor to collect any other documents." (DE 207, Def.'s Resp. to Mot. to Compel at 3.) Specifically, it states that it is in the process of collecting documents responsive to requests Nos. 3, 4, 6, 21 (to the extent not relative to ownership), and 24, as well as 8, 16, 23, and 25 if protected by a confidentiality agreement. IOTC USA's response to the motion to compel does not specifically address document request Nos. 9, 17, 20, 22, or 26, but IOTC

USA objected to most of these documents based upon lack of relevance.

In reply, Supreme argues that its motion is not moot because IOTC USA's responses were "evasive and incomplete disclosure," as provided in Rule 37(a)(4). Further, Supreme argues, *Smith* is not authority for IOTC USA's contention of mootness because there the court acknowledged the appropriateness of a motion to compel better answers where the non-movant provides an incomplete response. Supreme maintains that its discovery requests are relevant and that IOTC USA's canned response that it "has no documents responsive to this request" is implausible, particularly given IOTC USA's position in its response to the motion to compel that it now has documents responsive to Request Nos. 3, 4, 6, 8, 16, 23, 24, and 25. Regarding IOTC USA's objections, Supreme argues that its objection to the production of documents on the basis of a lack of confidentiality is unsupportable because this Court already entered a Protective Order in this case. (DE 82-1, 83.) Further, Supreme suggests that IOTC USA's hyper-technical objection to the definition of "United States Government" was made for the purpose of evading disclosure.

## DISCUSSION

In order to execute a judgment, a judgment creditor or his successor-in-interest "may obtain discovery from any person–including the judgment debtor–as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "[A]s a matter of policy, Rule 69 should authorize the use of all discovery devices provided in the rules." Fed R. Civ. P. 69 advisory committee's note (1970). The scope of post-judgment discovery is "very broad" to permit a judgment creditor to discover assets upon which execution may be made. *United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007); *FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995); *see also Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998)

5

("stress[ing] that the presumption should be in favor of full discovery of any matters arguably related to Credit Lyonnais's efforts to trace SGC assets and otherwise to enforce its judgment"). Post-judgment discovery may encompass any information pertaining to the existence of a judgment debtor's assets or transfers thereof. *United States v. Varnado*, No. No. 07–61257–CIV, 2011 WL 2600699, at *4 (S.D. Fla. June 29, 2011) (stating that "[a] party may conduct post-judgment discovery to acquire information about the existence of a judgment debtor's assets or any transfers thereof"). IOTC USA, as the party resisting discovery, has the burden of showing that the requested discovery is not relevant to the issues or is otherwise objectionable. *See Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-CIV, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001).

Supreme's main argument in its motion to compel is that IOTC USA has possession of relevant documents that it requested but IOTC USA failed to produce them. Rule 34 provides that a party may serve requests for production of documents which are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). Although a good faith averment that documents are not within a party's possession is usually sufficient to resolve the issue of a party's failure to produce, *Zervos v. S. S. Sam Houston*, 79 F.R.D. 593, 595-96 (S.D.N.Y. 1978), a discovering party may overcome such an averment by making an adequate showing that the other party has possession, custody, or control of the requested documents, *Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 n.7 (S.D.N.Y. 1992) ("In the face of a denial by a party that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion."). A court cannot grant a motion to compel upon a "mere hunch" that documents exist; rather, there must

be a "reasonable deduction" that the documents exist. *Harris v. Koenig*, 271 F.R.D. 356, 370 (D.D.C. 2010) ("If plaintiffs are speculating that documents responsive to these requests do exist, there must be a reasonable deduction that that is true, and not a mere hunch.").

Here, Supreme has made an adequate showing that IOTC USA is withholding documents within its possession or control that are responsive to Supreme's document requests. First, the bulk of the documents requested–tax returns, bank books, bank statements, accounts receivable and payable ledgers, financial statements, and documents showing property owned–are documents that a company typically possesses or has the legal right to obtain. *See McDaniel v. Bradshaw*, No. 10–81082–CIV, 2011 WL 2470519, at *3 (S.D. Fla. June 20, 2011) ("Although the Court accepts Plaintiff's representation that he does not now possess the vast majority of the documents the Court ordered him to produce, a party has an obligation to produce documents not only in his possession, but also documents in his custody and/or control. . . . Plaintiff has the legal right to obtain at least some of the documents at issue from other sources, such as his income tax returns (from the IRS) . . . ."); *Wardrip v. Hart*, 934 F. Supp. 1282, 1286 (D. Kan. 1996) (holding that defendant should have produced financial records held by accountant which defendant had the legal right to obtain); *Zervos*, 79 F.R.D. at 595-96 (ordering plaintiff to produce bank records held by bank within plaintiff's control despite attestation that plaintiff did have the documents in his "possession").

Second, and even more compelling, IOTC USA's own representations to the Court indicate that it possesses documents responsive to the Document Request. In its response to the Document Request, IOTC USA indicates that its failure to produce has more to do with its scheduling problems than any lack of possession or control. In its response, undersigned counsel for IOTC USA represents that it does not "possess all information necessary to provide substantive responses" due to the "lack

7

of time and opportunity to collect same." (DE 200-2, Def.'s Resp. at 2.) IOTC USA then proceeds to set forth the various scheduling conflicts of its trial counsel and the client contact person and states that therefore its "responses . . . are, of necessity, incomplete." (*Id.*) Further indicating that it possesses responsive documents, IOTC USA states in its response to Supreme's motion to compel that it "is in the process of collecting further documents" responsive to Request Nos. 3, 4, 6, 8, 16, 23, 24, and 25. (DE 207, Def.'s Resp. at 4.) Regarding Request No. 19, IOTC USA states that a list of names and addresses of employees shall be produced at a "time and location mutually convenient to all counsel." (*Id.*) Likewise, regarding Request No. 21, IOTC USA states that it will produce all information and documents available not relative to ownership.

IOTC USA's delay in providing documents, many of which it now concedes are available for production, is wholly unjustified. The Document Request, seeking twenty-six categories of documents, was originally served on IOTC USA on or about July 8, 2011. Two months later, as of the filing of Supreme's reply in support of its motion to compel on September 7, 2011, IOTC USA still has nod provided Supreme with a single document. Even with defense counsel's and their client's other commitments, there is no good reason justifying IOTC USA's two-month delay. During this two-month period of time, IOTC USA's contact person with access to the documents was only unavailable during a one-week period from August 8 through August 14, 2011. There is no reason why these documents could not have been collected during the month of July, for example, when the Document Request was served. Although the Court recognizes that both attorneys of record had a two-and-a-half week trial in July, the Court finds it difficult to believe that at least one of the attorneys of record (or another attorney with their firm) could not have assisted with the production of at least some, if not all, of these documents during the time they were not in trial, such as the week-

and-a-half window following conclusion of that trial on July 27, 2011, notwithstanding the possibility of attendant post-trial matters.

IOTC USA's delay is particularly troubling in this case because the District Court expressly denied its motion requesting an enlargement of time to produce the documents. As noted above, on the day before its responses were due, IOTC USA filed a motion for an extension of time to respond to the Document Request due to scheduling issues, which Supreme opposed. The District Court denied IOTC USA's motion, stating that it "will not permit defendant to take action that would frustrate the plaintiff's efforts to collect on the judgment." (DE 198.) By failing to produce the documents requested in a timely manner, IOTC USA effectively ignored the District Court's ruling, a tactic that this Court will not sanction.

Having concluded that IOTC USA is withholding documents and that its delay is wholly unjustified, the Court now turns to the appropriate remedy. The Court will craft a dual-aspect remedy that provides Supreme with appropriate relief but at the same time very cautiously takes into consideration IOTC USA's assertions in its response to the motion to compel. IOTC USA asserts in its response to the motion to compel that some (approximately half) of the documents are in the process of being collected, and some (the other half) of the documents are allegedly unavailable. As to the documents being collected, the Court will establish a date certain by which IOTC USA will need to produce the documents. As to the documents allegedly unavailable, the Court will not compel those documents at this time, but will require IOTC USA to provide the Court with a sworn affidavit to support its assertion of unavailability, as further discussed below.

As to the documents being collected, the Court finds more than reasonable Supreme's request that IOTC USA be compelled to produce the documents by a date certain. Accordingly, within one

week of the date of this Order, IOTC USA shall produce all documents that it has acknowledged that it is "in the process of collecting" or generating. Specifically, IOTC USA shall produce documents responsive to Request Nos. 3 and 4 (bank records), 6 (wire transfers), 8 (accounts receivable ledgers), 16 (accounts receivable), 19 (employees), 21 (managers, members,[1] officers, and directors), 23 (closing documents), 24 (credit card agreements), and 25 (asset transfers).[2]

As to the documents that IOTC USA represents are not "available," IOTC USA shall provide a sworn affidavit to this Court within one week of the date of this Order, either stating that it does or does not have the documents within its "possession, custody, or control," Fed. R. Civ. P. 34(a)(1), and/or stating that it has requested the documents from a third-party source, such as the IRS, the bank, an accountant, etc., along with the date of said request(s). The individual who executes the affidavit should be the employee at IOTC USA with the most knowledge about, and greatest access to, the documents being requested. In complying with this mandate, IOTC USA is reminded that the definition of "control" within this circuit encompasses "the legal right to obtain the documents requested upon demand." *Searock,* 736 F.2d at 653. This paragraph specifically applies to Request Nos. 1 and 2 (tax returns), 5 and 7 (wire transfers), 10, 11, and 12 (property documents), 13, 14, and 15 (financial statements and schedules), and 18 (insurance policies).

As to the remaining documents, namely, Request Nos. 9 (accounts payable ledgers), 17 (stock

---

[1] The Court rejects IOTC USA's argument that the names and addresses of IOTC's members are not relevant to Supreme's efforts to identify IOTC's assets and transfers thereof. *See infra.*

[2] The Court also rejects IOTC USA's suggestion that it cannot produce certain documents absent a confidentiality agreement. Supreme has represented to the Court that a protective order is already in place in this case. (DE 82-1, 83.) The Court also finds unpersuasive IOTC USA's objections to Supreme's definitions for the words "you," "United States Government," and "IOTC," as well as its objection that Supreme had not identified the holder of the documents.

ownership), 20 (litigation or settlement documents), 22 (members, owners, or stockholders), or 26 (members and owners), the Court notes that IOTC USA did not specifically address the documents or their availability in its response to Supreme's motion to compel their production. As an initial matter, the Court notes that these documents are relevant to Supreme's efforts to collect on the judgment. Accounts payable ledgers contain a listing of amounts owed to third parties and are highly relevant to IOTC USA's financial standing. Evidence of IOTC USA's ownership of stocks, bonds, or other securities is also highly relevant to Supreme's efforts to identify assets and enforce its judgment. Litigation and settlement documents may disclose potential assets in the form of a monetary settlement or judgment and are discoverable in a post-judgment proceeding, notwithstanding the presence of a confidentiality clause in the documents, particularly in light of the protective order entered in this case. (DE 82-1, 83.) *See Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 562 (S.D.N.Y.1977) (holding that judgment creditor was entitled to discover portions of a settlement agreement relating to the existence or transfer of defendants' assets despite the presence of a confidentiality clause); *see also In re Denture Cream Prods. Liab. Litig.*, No. 09–2051–MD, 2011 WL 1979666, at *5 (S.D. Fla. May 20, 2011) (permitting discovery of settlement documents despite confidentiality clause in light of protective order in place in the case for which they were sought). Finally, documents reflecting the members or owners of IOTC USA are relevant to Supreme's efforts to uncover any transfers between IOTC USA and its members/owners. *Credit Lyonnais*, 160 F.3d at 431 (holding that creditor was entitled to order compelling deposition of debtor's sole officer, director, and shareholder regarding, *inter alia*, the bona fides of any transfer of assets between them, and reversing district court's decision).[3] Given the nature of these documents,

---

[3] The Court notes that all of these subjects– accounts payable ledgers, a debtor's ownership of stock and other securities, litigation or settlement documents, and the identity of

11

the Court suspects that all of these documents are within IOTC USA's possession, if not immediate control. Accordingly, within one week of the date of this Order, IOTC USA shall produce all documents that it has within its possession, custody, or control that are responsive to Document Request Nos. 9 (accounts payable ledgers), 17 (stock ownership), 20 (litigation or settlement documents), 22 (members, owners, or stockholders), and 26 (members and owners).

In concluding that Supreme is entitled to relief, the Court finds unpersuasive IOTC USA's argument that the motion to compel is moot. Supreme's motion to compel is not moot simply because IOTC USA provided some response to the Document Request. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, for each item or category of documents requested, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "[I]f a party fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34," the party seeking discovery "may move for an order compelling . . . production[] or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 37 makes clear that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). By its own admission, IOTC USA's responses are "incomplete" (DE 200-2, Def.'s Resp. at 2), and thus Supreme's motion to compel is not moot.

The case cited by IOTC USA, *Smith v. Mama Fu's Hollywood, LLC*, No. 08-61181, 2009 WL 247846, at *1 (S.D. Fla. Feb. 2, 2009), where the court denied a motion to compel as moot, is inapposite, because there the movant's original motion to compel, which was filed on December 24,

---

members, owners, or stockholders–are listed in the Florida Bar's form addendum to a subpoena duces tecum pertaining to a corporation in a post-judgment proceeding. *See* The Florida Bar, *Legal Forms and Worksheets Relating to Postjudgment Proceedings* (2010), LFW FL-CLE 9-1, Form 9.10: Addendum to Subpoena Duces Tecum for Documents Pertaining to a Corporation.

2008, was based upon a complete failure to respond but after receipt of the motion the non-movant provided responses to the discovery requests on January 10, 2009, thereby mooting the motion as originally framed. (Case No. 08-61181, DE 20, Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. to Compel.) The movant then asked the court to treat the motion as a motion to compel better answers and responses to her discovery requests (*id.*), which the court did. (Case No. 08-61181, DE 21.) Here, on the other hand, the basis for Supreme's motion to compel is IOTC USA's failure to provide any documents responsive to its Document Request, not its complete lack of a response. As of the filing of Supreme's reply, IOTC USA still had not produced any documents. Unless and until IOTC USA provides all of the documents requested in the Document Request, or by order of this Court, the motion to compel as originally framed is not moot.[4]

Pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedures, if a motion to compel discovery is granted, the court "must" require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). Under the three exceptions to the rule, a court must not order sanctions if the movant filed the motion before attempting in good faith to obtain the discovery; the opposing party's response or objection was substantially justified; or other circumstances make an award of expenses unjust. *Id.* After careful consideration of the parties' contentions, this Court concludes that an award of sanctions is mandatory because none of the exceptions to the rule apply. Supreme attempted to resolve the discovery matter in good faith before filing this motion. (DE 200, Pl.'s Mot. to Compel at 5.) IOTC USA's response was not substantially justified. Neither IOTC USA's canned objections

---

[4] The Court also rejects IOTC USA's contention that Supreme's motion to compel did not seek a ruling on its objections. Both Supreme's motion to compel and its supporting reply addressed the unreasonableness of IOTC USA's objections.

13

nor its scheduling problems provide substantial justification for its failure to produce responsive documents, particularly in light of the District Court's denial of its motion for an enlargement of time. Also unavailing is its contention that the motion to compel was rendered moot by its incomplete response. Furthermore, the Court finds particularly egregious the fact that IOTC USA could have, but did not, obtain a stay of execution of the judgment during its appeal, yet now is effectively taking advantage of a stay through its unjustified delay tactics. Because no other circumstances make an award unjust, this Court finds that a sanctions award is appropriate.

Accordingly, Supreme is entitled to recover the reasonable fees and costs incurred in connection with the IOTC USA's failure to provide documents responsive to Supreme's First Request for Production of Documents dated July 8, 2011, including the reasonable fees and costs incurred in bringing the motion to compel. Supreme did not provide this Court with any information as to the amount of fees and costs incurred in this regard. Accordingly, no later than twenty (20) days from the date of this Order, and after conferring with IOTC USA as to the amount of the reasonable fees and costs, Supreme is **ORDERED** to file with the Court the proper documentation as to the reasonable amount of fees and costs incurred in connection with the IOTC USA's failure to provide documents responsive to Supreme's First Request for Production of Documents dated July 8, 2011.

## CONCLUSION

Based upon the foregoing, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff Supreme Fuels Trading FZE's ("Supreme") Motion for an Order Compelling IOTC USA to Respond to Supreme's Discovery Requests in Aid of Execution, filed August 16, 2011 (DE 200), is **GRANTED IN PART**.

2. Within one (1) week of the date of this Order, IOTC USA shall produce all documents within

its possession, custody, or control that are responsive to Document Request Nos. 3 and 4 (bank records), 6 (wire transfers), 8 (accounts receivable ledgers), 16 (accounts receivable), 19 (employees), 21 (managers, members, officers, and directors), 23 (closing documents), 24 (credit card agreements), and 25 (asset transfers).

3. Within one (1) week of the date of this Order, IOTC USA shall file with this Court a sworn affidavit of the IOTC USA employee with the most knowledge and greatest access, either stating that it does or does not have the documents within its possession, custody, or control, and/or stating that it has requested the documents from a third-party source, as to Document Request Nos. 1 and 2 (tax returns), 5 and 7 (wire transfers), 10, 11, and 12 (property documents), 13, 14, and 15 (financial statements and schedules), and 18 (insurance policies). If it does have any of these documents within its possession, custody, or control, and a third-party request is unnecessary, IOTC USA shall produce the documents within one (1) week of the date of this Order. Upon receipt of any documents received from a third-party source, IOTC USA shall produce the documents within three (3) business days of the date of receipt.

4. Within one (1) week of the date of this Order, IOTC USA shall produce all documents within its possession, custody, or control that are responsive to Document Request Nos. 9 (accounts payable ledgers), 17 (stock ownership), 20 (litigation or settlement documents), 22 (members, owners, or stockholders), and 26 (members and owners).

5. All documents produced under this Order shall be produced at the offices of Constantine Cannon LLP, 335 Madison Avenue, 9th Floor, New York, New York 10017, unless otherwise agreed to by the parties.

6. Supreme is entitled to recover the reasonable fees and costs incurred in connection with the

IOTC USA's failure to provide documents responsive to Supreme's First Request for Production of Documents dated July 8, 2011, including the reasonable fees and costs incurred in bringing the motion to compel.

7. Within twenty (20) days of the date of this Order, and after conferring with IOTC USA as to the amount of the reasonable fees and costs, Supreme shall file with the Court the proper documentation as to the reasonable amount of fees and costs incurred in connection with the IOTC USA's failure to provide documents responsive to Supreme's First Request for Production of Documents dated July 8, 2011.

**DONE and ORDERED** in Chambers this 15 day of September, 2011, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

———————————————
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record